'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br>   v.<br><br>MIND GAMES, LLC,<br><br>   Defendant. | CV 20-11794-RSWL-MRWx<br><br>**ORDER re: Motion to Dismiss for Lack of Subject Matter Jurisdiction [19]** |

   Plaintiff Brian Whitaker ("Plaintiff") brought this Action against Defendant Mind Games, LLC ("Defendant") alleging: (1) violation of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101; and (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  See generally Compl. ¶ 1, ECF No. 1.  Currently before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction ("Motion") [19].  Having reviewed all papers submitted pertaining to this Motion, the Court

1

**NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion.

### I. BACKGROUND

Brian Whitaker ("Plaintiff") is a quadriplegic and uses a wheelchair for mobility. Compl. ¶ 1. Mind Games, LLC ("Defendant") owned a Mind Games retail store ("Unit 2004") located at or about 6600 Topanga Canyon Blvd., Unit 2004, Canoga Park, California. Id. ¶ 2; Decl. of Sassan Aria in Supp. of Defendant's Mot. to Dismiss ("Aria Decl."), Ex. A, ECF No. 19-2. Plaintiff alleges the following in his Complaint:

In December 2020, Plaintiff went to Unit 2004, a public business establishment, to purchase goods and assess the business for disability access law compliance. Id. ¶¶ 8-9. Plaintiff was unable to access a sales counter with his wheelchair because the counter was too high and there was no lowered portion suitable for wheelchair users. Id. ¶ 12. These barriers impacted Plaintiff's disability by denying him full and equal access, creating difficulties and discomfort, and deterring him from returning to Unit 2004. Id. ¶¶ 16-20. On December 11, 2020, an investigator for Plaintiff, Evens Louis ("Louis"), assessed Unit 2004 for accessibility and found that the sales counters exceeded thirty-six inches in height. Decl. of Evens Louis ("Louis Decl.") ¶ 2, ECF No. 20-2.

On December 31, 2020, Plaintiff filed his Complaint [1] against Defendant, alleging: (1) violation of the

American with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101; and (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  See generally Compl.

On or about April 20, 2021, a co-owner of Defendant, Sassan Aria ("Aria"), received a notice of lease termination from the landlord of the retail outlet requiring Defendant to vacate the premises by May 20, 2021.  Aria Decl. ¶ 2.  Unit 2004 was permanently closed by May 20, 2021, and Defendant will not reopen at that location.  Id. ¶¶ 3-4.

Since June 25, 2021, Defendant has opened and operated a Mind Games store in a new unit within the same mall, located at 6600 Topanga Canyon Blvd., Unit 87 ("Unit 87").  Def.'s Reply in Supp. of Mot. ("Reply") 2:16-20, ECF No. 22.  On August 6, 2021, Louis went to the mall to verify whether Unit 2004 was still in operation but found that the Mind Games store was operating in Unit 87, around the corner from where Unit 2004 had been.  Louis Decl. ¶¶ 3-4.  Louis did not see any differences to the sales counter in Unit 87 compared to that in Unit 2004, but saw an additional "pedestal-style round glass table" in front of a closed cash register with a sign implying it could be used by people with disabilities.  See id. ¶ 6.  Plaintiff has not alleged in his Complaint that he has visited Unit 87, encountered any barriers therein, or personally observed the condition of Unit 87.  Reply at 2:27-3:1.

1  Defendant filed the instant Motion [19] on August
2  2, 2021.  Plaintiff filed his Opposition [20] on August
3  24, and Defendant replied [22] on August 27.

## II. DISCUSSION

**A.  Legal Standard**

  1.  Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Although lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1).  See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).  The plaintiff bears the burden of proving that the court has subject matter jurisdiction.  See Kekkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction."  Id.  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.  When evaluating a facial attack, the court "must accept all of the plaintiff's factual allegations as true."  Dreier v. U.S., 106 F.3d

844, 847 (9th Cir. 1996) (citation omitted). When considering a factual attack, however, the court is not restricted to the face of the pleadings and may review any evidence properly before the court. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

    2.   Supplemental Jurisdiction

Under 28 U.S.C. § 1367, where a district court has original jurisdiction over a claim, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. See Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017).

Under § 1367(c), "the district courts may decline supplemental jurisdiction [over a state law claim] if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c). "Underlying the § 1367(c) inquiry are considerations of judicial

5

economy, convenience and fairness to litigants, and comity." Shutza, 262 F. Supp. 3d at 1028. If these factors are not present, "a federal court should hesitate to exercise jurisdiction over state law claims." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

**B.  Discussion**

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction over the ADA claim and because supplemental jurisdiction over the remaining Unruh Act claim would be improper. See generally Mem. of P. & A. in Supp. of Mot. to Dismiss ("Mot."), ECF No. 19-1. In opposition, Plaintiff argues that Defendant's Motion should be denied because the matter is not moot, and Defendant misrepresents Plaintiff's state law claims. See generally Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), ECF No. 20.

  a.  *ADA Claim*

Because Defendant has permanently closed Unit 2004, Defendant moves to dismiss Plaintiff's ADA claim for two reasons: (1) Plaintiff's ADA claim is moot; and (2) Plaintiff lacks Article III standing to continue this Action. See Mot. at 1:24-2:5. The Court agrees.

   i.  *Mootness*

The doctrine of mootness stems from Article III's requirement that courts may only exercise jurisdiction over live "cases or controversies." U.S. Const. Art. III. "A claim may become moot if (1) subsequent events

have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998). Defendant's burden to demonstrate mootness is "a heavy one." Los Angeles Cnty. v. Davis, 440 U.S. 625, 631 (1979).

In addition, "an ADA claim may become moot where a defendant sells the property or permanently closes the public accommodation operating at the property." See, e.g., Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011) (holding that plaintiff's claim for injunctive relief became moot once the restaurant ceased operation).

Defendant brings a factual challenge to the Court's subject matter jurisdiction by arguing that it cannot be liable for a Title III violation because Defendant provides supporting evidence that Unit 2004 has been permanently closed and vacated as of May 20, 2021. See generally Mot.; Decl. of Sassan Aria in Supp. of Def.'s Mot. to Dismiss ("Aria Decl."), Ex. A, ECF No. 19-2. The closure of Unit 2004 renders the alleged barriers nonexistent, "irrevocably eradicating the effects of the alleged violation." Therefore, the only remedy available to Plaintiff under Title III, injunctive relief, is moot. See, e.g., Johnson v. 162 Los Gatos-Saratoga Rd., LLC, No. 18-cv-04429-VKD, 2019 WL 2869949,

at *3 (N.D. Cal. July 3, 2019) (finding that ceasing operations and vacating the property removed the alleged barriers and therefore mooted the plaintiff's ADA claim for injunctive relief). As such, the Court **GRANTS** Defendant's Motion to Dismiss. Nevertheless, the Court addresses the standing issue next.

          ii. *Standing*

"The elements of Article III standing are as follows: (1) [Plaintiff has] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 181 (2000). In the ADA context, the plaintiff must also demonstrate "a real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" Molski v. Mandarin Touch Rest., 385 F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

    Regarding Unit 2004, Plaintiff does not have standing to seek injunctive relief. Even if the first two elements are met, the third element must fail because Unit 2004 is permanently closed and will not reopen at that location. See Mot. at 3:5-9. Plaintiff's injury cannot be redressed by a favorable

1  decision, in other words, an injunction requiring
2  Defendant to remove the barrier is not possible where
3  the alleged barriers at issue no longer exist.  By the
4  same token, Unit 2004's permanent closure eliminates any
5  chance of future harm or injury to Plaintiff.
6     Because there is no remaining case or controversy,
7  and because Plaintiff does not have standing with
8  respect to the ADA claim, the matter is nonjusticiable
9  and the Court cannot exercise subject matter
10 jurisdiction.
11    Of note is that the parties also argue about
12 whether Plaintiff has standing regarding Defendant's new
13 location, Unit 87, within the same mall.  Because
14 Plaintiff's Complaint makes no allegations against Unit
15 87's ADA compliance, the Court will not address the
16 parties' arguments at this time, focusing only on the
17 claims against Unit 2004.  <u>Lujan v. Defs. of Wildlife</u>,
18 504 U.S. 555, 569-70 n.4 (1992) ("The existence of
19 federal jurisdiction ordinarily depends on the facts as
20 they exist when the complaint is filed.") (citing
21 <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830
22 (1989)).
23         b.  *Jurisdiction Over the Remaining Unruh Act*
24             *Claim*
25    Defendant also moves to dismiss Plaintiff's Unruh
26 Act claim, a California state law claim.  <u>See generally</u>
27 Mot.  Because the interests of comity weigh against
28 exercising supplemental jurisdiction, the Court declines

to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court also maintains discretion to keep the state law claims and will consider "judicial economy, convenience, fairness, and comity." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Usually, where all federal law claims are eliminated before trial, balancing the four factors will point toward declining to exercise jurisdiction over the remaining state law claims. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010). Finally, a district court may decline exercising supplemental jurisdiction if the state law issues predominate the remaining claims. 28 U.S.C. § 1367(c)(2).

Here, because Plaintiff's federal ADA claim is dismissed, the Court no longer has subject matter jurisdiction over the remaining state law claim. "In order to obtain injunctive relief under Title III of the ADA, Plaintiff must have standing and the case must not be moot." Hubbard v. Miandmo Invs. LLC, No. CV 20-05457 DSF (SPx), 2021 WL 2669296, at *2 (C.D. Cal. June 29, 2021) (citing Arroyo v. Vasquez, No. CV 18-2116 DSF (EX), 2019 WL 6790688, at *3 (C.D. Cal. Aug. 14, 2019)).

Upon balancing the Gibbs factors, it is not in the

interest of judicial economy, convenience, and fairness to exercise supplemental jurisdiction over the Unruh Act claim. First, unlike in Rivera v. Crema Coffee Co., this case is still in its early stages and Plaintiff's state law claim may be remedied in state court.[1] Second, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act, which requires "high-frequency litigants" to verify and specify their allegations in order to "deter baseless claims and vexatious litigation." Shutza v. Cuddeback, 262 F. Supp. 3d 1025, 1030-31 (S.D. Cal. 2017) (citing Cal. Code. Civ. Proc. § 425.50)). The Court considers that Plaintiff has filed over one thousand cases in California district courts alleging disability discrimination.[2] Since Plaintiff is a high-frequency litigant primarily seeking monetary relief under state law, it is in the interest of comity for this Court to discourage vexatious litigation and decline exercising supplemental jurisdiction over Plaintiff's Unruh Act claim.

Furthermore, Plaintiff does not assert an independent Unruh Act violation for intentional

---

[1] In Rivera v. Crema Coffee Co., the court exercised supplemental jurisdiction over the Unruh Act claim because of the "advanced stage of [the] action and the parties' substantial efforts to brief and argue the merits of [plaintiff's] motion for summary judgment." 438 F. Supp. 3d 1068, 1074 (N.D. Cal. 2020).

[2] According to PACER, Plaintiff Brian Whitaker is a plaintiff in 1,122 ADA cases in the Central District of California (since 2014).

11

1 discrimination or willful misconduct,[3] and Plaintiff's
2 claim cannot provide an independent basis for federal
3 court jurisdiction "merely because it incorporates an
4 ADA violation." See Johnson v. 162 Los Gatos-Saratoga
5 Rd., LLC, No. 18-cv-04429-VKD, 2019 WL 2869949 (N.D.
6 Cal. July 3, 2019); see also Munson v. Del Taco, Inc.,
7 46 Cal. 4th 661, 668 (2009) (explaining that a violation
8 of the Unruh Act may be maintained independent of an ADA
9 claim only where a plaintiff pleads "intentional
10 discrimination in public accommodations in violation of
11 the terms of the Act.").
12 With respect to Plaintiff's argument that Defendant
13 made a "material misrepresentation" to the Court,
14 Plaintiff has failed to proffer any legal authority or
15 support for his substantive arguments. Opp'n at 2:1-
16 3:18. In any event, while Defendant's declaration does
17 not "clearly and unambiguously" identify Unit 2004 as
18 the location, the attached exhibit *does* contain a notice
19 of termination letter clearly specifying Unit 2004 as
20 the subject property to be vacated and closed. See Aria
21 Decl. ¶ 3, Ex. A; Reply at 3:17-20.
22 Finally, the Court does not address Plaintiff's
23 First Amendment argument because this is an ongoing
24 issue in the Ninth Circuit Court of Appeals. See Arroyo

---

[3] Plaintiff's Complaint bases the Unruh Act claim solely on the ADA violation: "The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act . . . Defendants' acts and omissions . . . have violated the Unruh Act by . . . [violating the ADA]." Compl. ¶¶ 30-31.

12

1 v. Rosas, No. 19-55974 (9th Cir. argued July 8, 2020).
2       c. *Leave to Amend*
3 "The court should give leave [to amend] freely when
4 justice so requires." Fed. R. Civ. P. 15(a)(2). In the
5 Ninth Circuit, "Rule 15's policy of favoring amendments
6 to pleadings should be applied with 'extreme
7 liberality,'" United States v. Webb, 655 F.2d 977, 979
8 (9th Cir. 1981). Against this extremely liberal
9 standard, the Court may consider "the presence of any of
10 four factors: bad faith, undue delay, prejudice to the
11 opposing party, and/or futility." Owens v. Kaiser
12 Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.
13 2001).
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Plaintiff requests leave to amend should the Court grant Defendant's Motion. Opp'n at 9:2-4. Because there is no evidence that amendment would unduly prejudice Defendant, cause undue delay, or be futile, the Court **GRANTS** leave to amend as to Plaintiff's ADA claim only.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend the ADA claim.

**IT IS SO ORDERED.**

DATED: October 27, 2021

/s/ Ronald S.W. Lew
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge