'O'

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRIAN WHITAKER, | 2:20-cv-11794-RSWL-MRWx |
|---|---|
| Plaintiff, | **ORDER re:** |
| v. | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [28] |
| MIND GAMES, LLC, | |
| Defendant. | |

Plaintiff Brian Whitaker ("Plaintiff") brings this Action against Defendant Mind Games, LLC ("Defendant"), alleging violations of: (1) the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101; and (2) the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. See generally First Amen. Compl. ("FAC") ¶ 1, ECF No. 26.

Currently before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction ("Motion") [28] filed by

1

Defendant.

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion **without leave to amend**.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges the following in his FAC:

Plaintiff is a quadriplegic and uses a wheelchair for mobility. FAC ¶ 1. Defendant owned a Mind Games retail store ("Store") located at or about 6600 Topanga Canyon Blvd., Unit 2004, Canoga Park, California ("Unit 2004"). Id. ¶ 2.

In December 2020, Plaintiff went to Unit 2004 to purchase goods and assess the business for disability access law compliance. Id. ¶¶ 8-9. Plaintiff was unable to access a sales counter with his wheelchair because the counter was too high and there was no lowered portion suitable for wheelchair users. Id. ¶¶ 10-12. These barriers impacted Plaintiff's disability by denying him full and equal access, creating difficulties and discomfort, and deterring him from returning. Id. ¶¶ 16-18, 21.

On June 25, 2021, Defendant's Store moved within the same mall from Unit 2004 to Unit 87. Id. ¶ 13. Plaintiff's investigator took photographs of the new location, whereupon Plaintiff reviewed the photographs and stated that he was deterred from going to Unit 87

due to the high sales counter.  Id.  Despite the Store having moved its physical location by a few feet, Plaintiff will return to Unit 87 to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Unit 87 and its facilities are accessible.  Id. ¶ 21.

**B.     Procedural Background**

On December 31, 2020, Plaintiff filed his initial Complaint [1] against Defendant, alleging violations of: (1) the ADA; and (2) the Unruh Act.

On August 2, 2021, Defendant moved to dismiss [19] the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and requested that the Court decline supplemental jurisdiction over Plaintiff's Unruh Act claim.  On October 27, 2021, this Court granted [24] Defendant's First Motion to Dismiss with leave to amend the ADA claim and declined supplemental jurisdiction over the Unruh Act claim.  This Court found that the ADA claim was deficient because: (1) it was moot given Unit 2004's permanent closure; and (2) Plaintiff lacked Article III standing because his injury could not be redressed due to the permanent closure.

Plaintiff filed the FAC [26] on November 23, 2021. Defendant filed the instant Motion [28] on December 7, 2021.  Plaintiff filed his Opposition [29] on December 21, 2021, and Defendant replied [31] on December 28, 2021.

///

## II. DISCUSSION

**A. Legal Standard**

    1. <u>Rule 12(b)(1) Motion to Dismiss</u>

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). See <u>Maya v. Centex Corp.</u>, 658 F.3d 1060, 1067 (9th Cir. 2011). The plaintiff bears the burden of proving that the court has subject matter jurisdiction. See <u>Kekkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) "jurisdictional attack may be facial or factual." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." <u>Id.</u> "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." <u>Id.</u> When evaluating a facial attack, the court "must accept all of the plaintiff's factual allegations as true." <u>Dreier v. U.S.</u>, 106 F.3d 844, 847 (9th Cir. 1996) (citation omitted). When considering a factual attack, however, the court is not restricted to the face of the pleadings and may review

any evidence properly before the court. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

**B. Discussion**

"[A] disabled individual claiming discrimination [under the ADA] must satisfy the case or controversy requirement of Article III [of the United States Constitution] by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted). To establish Article III standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." Id. (citation omitted).

"In addition to establishing standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). "[A]n ADA plaintiff can show a likelihood of future injury in one of two ways: (1) by demonstrating that 'he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier,' or (2) by demonstrating 'sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a

5

noncompliant accommodation." Whitaker v. Farm-to-Table Eats, Inc., 2020 WL 12893775, at *3 (C.D. Cal. Aug. 24, 2020) (quoting Chapman, 631 F.3d at 950). Thus, the Ninth Circuit has clarified that "an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Chapman, 631 F.3d at 944. Here, the Court finds that Plaintiff lacks standing under both theories and therefore **GRANTS** Defendant's Motion to Dismiss.

    1.   Injury-in-fact and Intent to Return

"Once a disabled individual . . . encounter[s] or become[s] aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he . . . suffer[s] an injury in fact . . . ." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 (9th Cir. 2008). Plaintiff concedes that he has not visited Unit 87 and has not personally encountered barriers at Unit 87, yet argues that his injury from Unit 2004 confers standing here. See Opp'n 2:17-21, ECF No. 29. Simply put, Plaintiff maintains that because he encountered barriers at Unit 2004, he may sue for all barriers at Unit 87 without having encountered them. Id. at 3:17-22.

Indeed, the Ninth Circuit has held that where a plaintiff encounters one barrier in a facility, they may challenge all related barriers in that *same* facility.

6

Doran, 524 F.3d at 1047 (emphasis added) ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability."). But here, Unit 2004 and Unit 87 are located at separate storefronts, appear to be different (e.g., Unit 87 has a round table that is absent in Unit 2004), and cannot otherwise be treated as the same facility. Thus, any barriers that Plaintiff may have encountered at Unit 2004 cannot form the basis of Plaintiff's injury with respect to Unit 87. See Moreno v. G & M Oil Co., 88 F. Supp. 2d 1116, 1116 (C.D. Cal. 2000) (finding that a plaintiff who encountered an accessibility barrier at one gas station could not then sue for similar barriers at defendant's other gas stations without having encountered them). Put differently, the purported barriers at Unit 87 fall outside of the scope of Plaintiff's standing to challenge the barriers at Unit 2004. See id. ("[S]tanding under this provision of the ADA is limited to the specific location where a plaintiff suffers actual 'injury in fact.'").

Further, Plaintiff did not even have standing to challenge the barriers at Unit 2004, as this Court previously found that due to the permanent closure of Unit 2004, Plaintiff's injury-if any—would not have been redressable. See Order re: Mot. to Dismiss 8:23-27, ECF

No. 24. Because Plaintiff failed to establish Article III standing with respect to Unit 2004, there can be no discussion of whether the scope of standing at Unit 2004 should be expanded whatsoever. See Doran, 524 F.3d at 1047 (noting that only upon a showing of Article III standing does the inquiry shift to the scope of such standing). Accordingly, because Plaintiff did not have Article III standing with respect to Unit 2004, because Plaintiff's purported injury at Unit 2004 cannot form the basis of Plaintiff's injury at Unit 87, and because Plaintiff did not personally encounter any barriers at Unit 87, Plaintiff has not suffered an injury-in-fact.

Separately and additionally, Plaintiff lacks standing because he does not sufficiently allege an intent to return to Unit 87. Plaintiff merely states in his FAC that he "will return to [Unit 87] . . . once it is represented to him that [Unit 87] and its facilities are accessible." FAC ¶ 21. Such bare and naked assertions cannot survive dismissal. See Strojnik v. Moraya Investments, LLC, 2022 WL 181260, at *4 (N.D. Cal. Jan. 20, 2022) ("Some day intentions—without any description of concrete plans, or indeed even a specification of *when* the some day will be—do not support a finding of the actual or imminent injury."); Strojnik v. Bakersfield Convention Hotel I, LLC, 436 F. Supp. 3d 1332, 1342 (E.D. Cal. 2020) ("Plaintiff alleges no concrete travel plan, let alone one that would be sufficient to show he likely would return to the Hotel

8

and suffer the same architectural barriers."). Thus, given that Plaintiff has failed to allege both an injury-in-fact and an intent to return to Unit 87, Plaintiff cannot establish Article III standing under this theory.

### 2. Deterrence

"As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may establish standing by pleading that he was deterred from visiting the facility in the first place." Strojnik v. IA Lodging Napa First LLC, 2020 WL 2838814, at *6 (N.D. Cal. June 1, 2020). "[W]hen [an ADA plaintiff] has actual knowledge of illegal barriers at a public accommodation . . . that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury . . . ." Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). Still, even under a deterrence theory of standing, a plaintiff must allege "actual knowledge" of a barrier. C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1099 (9th Cir. 2017) ("CREEC").

Plaintiff has not adequately alleged actual knowledge of the barriers at Unit 87. Plaintiff argues that he has actual knowledge of the barriers at Unit 87 because he previously encountered similar barriers at Unit 2004, Opp'n 3:17-24, but he has not verified that the alleged barriers at Unit 87 violate the ADA or that

9

the two stores should otherwise be treated as the same. Rather, Plaintiff's allegations indicate that Unit 2004 and Unit 87 are different facilities given their different locations and placement of a new table at Unit 87. See Decl. of Evens Louis ("Louis Decl.") ¶ 6, ECF No. 20-2 (noting a new "pedestal-style round glass table" at Unit 87 that, "based on signs[,] [was] purported[ly] . . . intended for the use of people with disabilities.").

Further, Plaintiff attempts to base his actual knowledge of the alleged barriers at Unit 87 on a review of photographs taken by his investigator. See FAC ¶ 21. But a review of photographs, alone, cannot confer sufficient knowledge of barriers at an accommodation. See, e.g., Strojnik v. Vill. 1017 Coronado, Inc., 2020 WL 3250608, at *3 (S.D. Cal. June 16, 2020). Plaintiff has not confirmed that the alleged barriers at Unit 87 exist nor attempted to see if alternate accommodations could have been available to him, such as using the pedestal-style table. Id. ("[Plaintiff] does not allege he ever visited the Hotel. Instead, he apparently looked online and took screenshots of photographs that he believed showed some barriers to his entering the property. He does not claim that he called and confirmed that these barriers existed. He does not allege that he attempted to see if alternate accommodations were available to him."); see also Whitaker v. SQS LA LLC, 2020 WL 3802908, at *3 (C.D.

Cal. Apr. 1, 2020) (finding no ADA violation where a plaintiff did not first demand that a defendant make an accessible counter available for its intended use); cf. CREEC, 867 F.3d at 1099-1100 (finding sufficient knowledge of an ADA violation where plaintiffs called a hotel and confirmed that the hotel did not provide accessible shuttle services). Accordingly, Plaintiff has not sufficiently pled actual knowledge of the alleged barriers at Unit 87 to establish Article III standing under this theory either.

Nor does Plaintiff adequately plead deterrence to establish standing. Plaintiff merely pleads that after a review of the photographs taken by his investigator, he "is currently deterred" from visiting Unit 87. FAC ¶ 21. Such a statement is vague and conclusory at best. See Moraya Investments, LLC, 2022 WL 181260, at *5 ("[Plaintiff] only pleads vague, conclusory statements that he was 'deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or state law compliant.'"). Moreover, Plaintiff does not adequately plead that he continues to experience ongoing harm due to the alleged barriers at Unit 87. See id. ("[Plaintiff's] conclusory allegations merely recite legal conclusions without plausibly pleading that the barriers deterred him from patronizing the hotel and that he continues to experience harm as a result."). Rather, Plaintiff only states that "[i]f the barriers are not removed, [that] [he] will face unlawful and

discriminatory barriers again." FAC ¶ 21. Thus, as a whole, Plaintiff does not adequately plead deterrence to survive dismissal, and the Court **GRANTS** Defendant's Motion to Dismiss on this additional basis.

Contrary to Plaintiff's argument, the Court need not take Plaintiff's allegations of deterrence as true. When considering a Rule 12(b)(1) factual attack, courts are not restricted to the face of the pleadings and may review any evidence properly before the court. St. Clair, 880 F.2d at 201. Plaintiff concedes that whether his deterrence is reasonable is a question of fact. Opp'n 4:7-9. Accordingly, considering the conclusory nature of Plaintiff's allegations of deterrence, and given that the Court need not presume the truthfulness of Plaintiff's allegations, Plaintiff has not adequately alleged that he is deterred from visiting Unit 87.

In sum, the Court concludes that Plaintiff lacks Article III standing under both: (1) the injury-in-fact and intent to return theory; and (2) the actual knowledge and deterrence theory. As such, the Court **GRANTS** Defendant's Motion to Dismiss.

3. Leave to Amend

"The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). However, the court is not required to

1 | grant leave to amend if the court determines that
2 | permitting a plaintiff to amend would be an exercise in
3 | futility.  See, e.g., Rutman Wine Co. v. E. & J. Gallo
4 | Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of
5 | leave to amend is not an abuse of discretion where the
6 | pleadings before the court demonstrate that further
7 | amendment would be futile.").
8 |     Here, further amendment would be futile.  As a
9 | matter of law, Plaintiff did not suffer an injury-in-
10 | fact at Unit 87, nor can he have actual knowledge of the
11 | alleged barriers at Unit 87.  Plaintiff has failed to
12 | identify any facts in his Opposition to indicate that
13 | leave to amend would not be futile.  Thurston v. FCA US
14 | LLC, 2018 WL 700939, at *5 n.6 (C.D. Cal. Jan. 26,
15 | 2018).  Accordingly, the Court **GRANTS** Defendant's Motion
16 | to Dismiss **without leave to amend.**

### III.  CONCLUSION

   Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss **without leave to amend.**

**IT IS SO ORDERED.**

DATED: April 13, 2022     /s/ Ronald S.W. Lew
                                             **HONORABLE RONALD S.W. LEW**
                                             Senior U.S. District Judge